

# NUMBER 13-19-00499-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ANDREW CONTRERAS AND
MARTHA ANN CONTRERAS,                                    Appellants,

v.

DREAM HOME RENOVATORS, LLC,                              Appellee.

On appeal from the County Court at Law No. 10
of Bexar County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Hinojosa, and Tijerina
Memorandum Opinion by Justice Benavides

Appellants Andrew Contreras and Martha Ann Contreras appealed a final

judgment rendered against them in trial court cause number 2019CV06354 in the County

Court at Law No. 10 of Bexar County, Texas.[1] Appellants have now filed an opposed motion to dismiss their appeal. According to their motion, appellants "no longer wish to pursue this appeal" and they request that we dismiss it pursuant to Texas Rule of Appellate Procedure 42.1(a)(1). *See* TEX. R. APP. P. 42.1(a)(1). Appellants assert, however, that appellee, Dream Home Renovators, LLC (Dream Home), opposes their motion to dismiss and will only agree to a dismissal if this Court awards Dream Home fees and costs as outlined in the final judgment for an "unsuccessful" appeal. In this regard, the final judgment awards Dream Home damages for lost rentals, attorney's fees, and, in relevant part, also awards:

> [A]n additional $15,000 in attorney's fees if [appellants] file an appeal in the court of appeals **that is ultimately unsuccessful**, an additional $15,000 in attorney's fees if [appellants] file a petition for review in the Supreme Court of Texas that is ultimately denied, and an additional $15,000 in attorney's fees if [appellants'] petition for review in the Supreme Court of Texas is granted but relief is not ultimately granted . . . .

(Emphasis added). Appellants assert that they have filed their motion to dismiss the appeal prior to any briefing in this matter and that they do not seek a ruling from the Court on the merits of the appeal or whether the appeal would have been successful.

Under Texas Rule of Appellate Procedure 42.1(a)(1), an appellate court may dismiss an appeal in accordance with an appellant's motion to dismiss the appeal "unless such disposition would prevent a party from seeking relief to which it would otherwise be entitled." *See id.* Dream Home did not file a notice of appeal in this case. *See id*. R. 25.1(c) (providing that "[a] party who seeks to alter the trial court's judgment or other appealable

---

[1] This appeal was transferred to this Court by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. *See* TEX. GOV'T CODE ANN. § 73.001 ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

order must file a notice of appeal" and the "appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause"). Accordingly, if the appeal is dismissed, Dream Home will not be prevented from seeking any appellate relief to which it would otherwise be entitled. *See id.*; *Clear Lake City Water Auth. v. Friendswood Dev. Co., Ltd.*, 344 S.W.3d 514, 525 n.15 (Tex. App.— Houston [14th Dist.] 2011, pet. denied); *see also In re Estate of Brown*, No. 12-18-00269-CV, 2018 WL 6715876, at *2 (Tex. App.—Tyler Dec. 21, 2018, no pet.) (mem. op. per curiam); *Continental Intermodal Grp.-S. Tex., L.L.C. v. Garcia*, No. 05-16-01102-CV, 2017 WL 1230592, at *1 (Tex. App.—Dallas Apr. 4, 2017, no pet.) (mem. op.). Dream Home did not file a response to the appellants' motion to dismiss and has not provided this Court with argument or authority supporting its position that dismissing the appeal would prevent it from seeking relief to which it would otherwise be entitled. *See* TEX. R. APP. P. 42.1(a)(1).

The Court, having examined and fully considered appellants' opposed motion to dismiss, is of the opinion that the appeal should be dismissed. *See* TEX. R. APP. P. 42.1(a)(1). Accordingly, we reinstate this appeal, grant the appellants' opposed motion to dismiss, and dismiss the appeal. Given that the appeal is being dismissed without regard to the merits, we express no opinion regarding the proper construction of what constitutes an "unsuccessful" appeal as referenced in the final judgment. Costs will be taxed against appellants. *See id*. R. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant."); *see also Cameron County v. Tompkins*, No. 13-16-00279-CV, 2017 WL 4684140, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 19, 2017, no pet.) (mem. op. per curiam).

                                                    GINA M. BENAVIDES
                                                    Justice

Delivered and filed the
19th day of November, 2020.